## Cleary, et al. v. Pieper, et al.

(Decided March 24, 1916.)

### Appeal from Kenton Circuit Court
### (Common Law & Equity Division).

1. Counties—Indebtedness for Roads—Creation of—Section 157a Constitution—Elections.—Under section 157a of the constitution, an indebtedness for public road purposes may be authorized by a majority of the voters of a county who participate in an election upon that question.

2. Counties—Levy of Tax for Road Bonds—Section 4308 Kentucky Statutes—157a Constitution.—Section 4308 of the Kentucky Statutes, which authorizes the fiscal court of a county to levy a tax not exceeding thirty cents on each one hundred dollars of taxable property, to pay the interest and the principal of county road bonds, violates section 157a of the constitution, to the extent that it authorizes the levy of a tax exceeding twenty cents on each one hundred dollars of taxable property; it is a valid statute, however, to the extent that it authorizes a levy for the purpose indicated, to an amount not exceeding twenty cents on each one hundred dollars of the taxable property in the county.

F. J. HANLON for appellants.

S. D. ROUSE, R. C. SIMMONS and H. B. MACKOY for appellees.

Opinion of the Court by Chief Justice Miller—Reversing.

At a special election held November 3rd, 1914, in Kenton County, upon a proposition to issue county bonds of the par value of $150,000.00, for the purpose of building roads and bridges, there were 5,204 votes for the proposition, and 3,527 against it.

While the proposition secured a majority of the votes cast at the election, it did not secure two-thirds of them.

On March 6th, 1916, the appellee Fred Pieper filed this action against Cleary, the county judge, and the Fiscal Court of Kenton County, seeking to compel the appellants, by mandamus, to issue the bonds which he claimed they were authorized to issue by virtue of the election. The circuit court granted the relief asked, and the defendants appeal.

We considered the question here presented at some length in the case of Gatton v. The Fiscal Court of Daviess County, this day decided and reported in 169

Ky. 425, wherein we held, that under section 157a of the constitution, an indebtedness for public road purposes may be created by a majority of the voters of the county who participate in the election upon that question.

It follows, therefore, that the Fiscal Court of Kenton County was authorized by the election, to issue the bonds in question.

2. In entering its judgment, however, the circuit court went too far when it required the fiscal court to levy a tax of thirty cents on each one hundred dollars of taxable property in the county, to pay the interest and principal of the bonds which they had been directed to issue. While it is true that section 4308 of the Kentucky Statutes attempts to authorize a levy of thirty cents on each one hundred dollars of taxable property for the purpose of paying the interest and principal of county road bonds, it is clear that this statute violates section 157a of the constitution to the extent that it authorizes any levy exceeding twenty cents on each one hundred dollars of taxable property, for the purposes indicated. It was so expressly decided in Mitchell v. Knox County Fiscal Court, 165 Ky. 543. Section 4308 is a valid statute, however, to the extent that it authorizes a levy for the purposes indicated to an amount not exceeding twenty cents on each one hundred dollars of taxable property in the county.

For this error, the judgment is reversed for further proceedings consistent with this opinion.